UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JAMES LUKE HARLEY,                   :   CIVIL ACTION NO. 3:CV-05-0414
                                     :
            Plaintiff                :   (Judge Nealon)
                                     :
      v.                             :
                                     :                      FILED
                                     :                   SCRANTON
PENNSYLVANIA DEPARTMENT              :
OF CORRECTIONS, et al.,              :              FEB - 7 2006
                                     :
            Defendants               :
                                         PER _____ CLERK

## MEMORANDUM AND ORDER

James Luke Harley ("Harley"), an inmate confined in the State Correctional

Institution, Waymart, Pennsylvania ("SCI-Waymart"), filed this pro se civil rights

action pursuant to 42 U.S.C. §1983. He claims that he has received a reduction in his

sentence which Defendants refuse to acknowledge. (Doc. 1, complaint). Named as

defendants are the Department of Corrections ("DOC"), Jeffrey Beard, DOC-

Secretary; Raymond Colleran, SCI-Waymart Superintendent; Paul Delrosso, SCI-

Waymart Programs Director; Vito Cassella, SCI-Waymart Inmate Records Manager;

Diane Piasecki, SCI-Waymart Corrections Records Specialist; Carl Pucci, SCI-

Waymart Block Unit Manager; Milton Friedman, SCI-Waymart Block Unit Manager;

Suzzette McMonagle, SCI-Graterford Records Specialist; Kathy Manley, SCI-

Waymart Drug and Alcohol Treatment Specialist; Laurie Hess, SCI-Waymart Sex

Offender/Drug and Alcohol Treatment Specialist; Joe Grillo, SCI-Waymart Sexual

Offender Treatment Specialist; Robert Long, SCI-Waymart Corrections Counselor;

Vivian Miller[1], Philadelphia Clerk of Courts; and Carolyn Engal Temin, Philadelphia

Court of Common Pleas Judge. Presently before the Court are the motion to dismiss,

filed on behalf of Judge Temin, and the remaining Defendants' motion to dismiss the

Plaintiff's complaint (Docs. 18, 19).  These motions are fully briefed and are ripe for

disposition.  For the reasons set forth below, the Defendant Temin's motion to dismiss

will be granted.  Inasmuch as matters outside the pleadings have filed, the remaining

Defendants' motion to dismiss will be converted to a motion for summary judgment

and the parties will be given the opportunity to supplement the record.

**Background[2]**

        The Plaintiff states that on March 17, 1987, he appeared before Philadelphia

Court of Common Pleas Judge Carolyn Engel Temin. (Doc. 1, p. 15, ¶ 37).  He pled

---

1. Although a summons was issued as to this Defendant on March 10, 2005, no entry
of appearance has been made on her behalf.  However, for reasons set forth infra, this
Defendant will be dismissed from the action.

2. The statement of factual background is based upon the complaint and the many
documents attached in support of the complaint. (Doc. 1).

guilty to two counts of rape, one count of involuntary deviate sexual intercourse, two counts of robbery, one count of possession of a weapon with intent to commit a crime and one count of aggravated assault. Id. He was sentenced to a consecutive term of imprisonment of six to fifteen years on five of the seven charges and consecutive terms of imprisonment of eighteen months to five years on the charge of possession of a weapon with intent to commit a crime and eighteen months to ten years on the charge of aggravated assault. Id. Plaintiff's aggregate sentence is 33 years to 90 years. Id. Plaintiff claims, however, that as part of his plea agreement, he was to undergo a mental health evaluation at Fairview State Hospital, after which, his sentence would be reduced. (Doc. 1, ¶ 38-39).

Plaintiff alleges that sometime between October 26, 1988 and October 25, 1989, he "received notification from the Clerk of Quarter Sessions of Philadelphia County Court indicating his sentence had been modified from the original 33-90 years, to 18-45 years." (Doc. 1, p. 6, ¶ 6). Plaintiff claims, however, that his "copy of the notification was confiscated by prison guards during the Camp Hill riots." Id. He asserts that "concurrently, [he] received a new Sentence Status Summary Report which indicated plaintiff's sentence reduction." (Doc. 1, Ex. A, Sentence Status Summary).

3

On June 10, 1997, Plaintiff states that he was given a promotional transfer to SCI-Waymart "in accordance with, and a consequence of, plaintiff's reduced sentence: plaintiff's security classification was reduced to a 'level 2'-minimum security, he was allowed to make twice-daily phone calls, was eligible for clearance to work outside the confines of the prison and eligible to transfer closer to family and friends." (Doc. 1, p. 8, ¶ 12).

According to Plaintiff, on November 10, 1997, he was "evaluated by defendant Robert Long pursuant to plaintiff filing a commutation petition." (Doc. 1, p. 8, ¶ 13). Allegedly, during this meeting, Defendant Long "noted plaintiff's sentence was 18-45 years." Id.

On September 1, 2001, Plaintiff entered SCI-Waymart's Sexual Offenders Treatment Program (SOTC). He claims that "at all relevant times hereto, plaintiff was and remains a SOTC student, misconduct free and program compliant." Id. at ¶ 14.

On April 1, 2003, Plaintiff met with members of SCI-Waymart's Sex Offender Treatment Community Staff, which consisted of Defendants Carl Pucci, Kathy Manley, Joe Grillo and Laurie Hess. He states that "it was during this meeting that the Defendants "gave plaintiff his first notice they had received a new Sentence

4

Summary Status Report which indicated plaintiff's sentence was, again 33-90 years."

Id. at ¶ 15.  Subsequent to the April, 2003 meeting, the Plaintiff contacted Judge

Temin as to his sentence.

On May 12, 2003, Judge Temin's law clerk wrote to Plaintiff, enumerating his

sentence as follows:

> CP 8604-1426  Rape – 72 to 180 months in a state correctional institution
>
> CP 8604-1425  Involuntary Deviate Sexual Intercourse – 72 to 180 months in a state correctional institution consecutive to 8604-1426
>
> CP 8604-1422  Robbery – 72 to 180 months in a state correctional institution consecutive to 8604-1425
>
> CP 8607-2113  Rape – 72 to 180 months in a state correctional institution consecutive to 8604-1422
>
> CP 8607-2115  Robbery – 72 to 180 months in a state correctional institution consecutive to 8607-2113
>
> CP 8607-2119  Aggravated Assault – 18 to 120 months in a state correctional institution consecutive to 8607-2115
>
> CP 8607-2118  Possession Instrument of Crime – 18 to 60 months in a state correctional institution consecutive to 8607-2119

(Doc. 1, Ex. A, May 12, 2003 letter).  Plaintiff's total sentence was computed as 396

months to 1,080 months, or 33 years to 90 years.  Id.

On June 16, 2003, Plaintiff retained Attorney Paul Paterson to "locate written

verification/documentation which might evidence Judge Temin's intention to reduce

[his] sentence."  (Doc. 1, Ex. H, p. 2).

On March 12, 2004, Attorney Patterson wrote to Plaintiff concerning a

telephone conversation he had with Mr. Vito Casella, Records Manager for SCI-

Waymart. (Doc. 1, Ex. F). Based on Mr. Casella's explanation, Attorney Patterson

outlined the inaccuracy in recording Plaintiff's sentence as follows:

> In November 1997 you applied for commutation. While processing your
> request for commutation it was discovered that your actual sentence was
> 33 years to 90 years. Mr. Casella insisted on receiving actual court
> documents that were sealed. You refused to accept photocopies and/or
> faxes regarding your sentence. He described for me a 3-year process
> where he wrote and/or called many people to verify your sentence. He
> noted that it was difficult to receive information from Philadelphia
> regarding a case and sentencing, which occurred in 1987. At any rate,
> Mr. Casella is now satisfied that your sentence has been correctly
> calculated at 33 to 90 years. This is based on actual court documents.
> Mr. Casella is certainly willing to consider any additional information
> that we may provide him. However, he needs actual court documents.

(Doc. 1, Ex. F). Attorney Paterson further suggested to Plaintiff that:

> It is possible that a clerical mistake initially caused your sentence to be
> calculated incorrectly. If this is the case I doubt there is any recourse.
> However, if there was a second court order changing your sentence from
> 33 years to 90 years to 18 years to 45 years we need to find that order. In
> this regard, please provide me with the information requested.

Id.

In July, 2004, Plaintiff met with Mr. Dennis Burke, a representative of the

Probation and Parole Sex Offender Assessment Board. He claims that Mr. Burke

"advised plaintiff that while he was prepared to evaluate him pursuant to the Parole

6

Board's request, he was unable to complete the assessment procedure because plaintiff's institutional file now indicated his sentence had been recomputed to 33-90 years" and "it would now be premature to complete the assessment." (Doc. 1, p. 10, ¶ 24). However, he "informed plaintiff that, should his sentence discrepancy be favorably resolved, the assessment procedure could be completed at that time." Id.

On February 25, 2005, Plaintiff filed the instant action. He contends that "as a result of action and inactions of the defendants here complained of, he was deprived of his right to apply for parole at the earliest possible opportunity, which preclusion was in violation of his civil and constitutional rights." (Doc. 1, p. 11, ¶ 27). He claims that Defendants, knew, or should have known that his sentence was incorrectly recorded and that they should have communicated this to him as soon as reasonably possible. Id. at ¶ 26. Plaintiff seeks compensatory and punitive damages, as well as to have either this Court or Judge Temin declare his sentence to be 18 to 45 years. (Doc. 1, p. 17).

On May 16, 2005, Defendant, Judge Temin, filed a motion to dismiss the plaintiff's complaint. (Doc. 18). She argues that because she was acting solely in her adjudicatory capacity in sentencing Plaintiff, she is absolutely immune from suit for damages for conduct performed in the course of her official duties. Stump v.

7

Sparkman, 435 U.S. 349, 359 (1978); Oatess v. Sobolevitch, 914 F.2d 428, 431 (3d

Cir. 1990) (recognizing that a court may dismiss an allegation against a judge based

on an exercise of judicial power).   Judge Temin also argues that any  request for

injunctive relief against her is also barred by the clear terms of § 1983, as amended by

the Federal Courts Improvement Act of 1996 ("FCIA").[3]  Id.  On July 12, 2005,

Plaintiff filed a brief in opposition to Defendant Temin's motion in which he concurs

with the fact that Defendant Temin is entitled to judicial immunity.  (Doc. 30).

Plaintiff "concede[s] that the FCIA bars injunctive relief against named judges" and

that he "hereby withdraws his demand for such relief."  (Doc. 30, p. 8).  Thus, the

motion to dismiss Defendant Temin will be granted.

     Also entitled to the cloak of judicial immunity are clerks of court when

performing acts which are judicial in nature and integral to the judicial process. See

Waits v. McGowan, 516 F.2d 203, 205-06 (3d Cir. 1975); Smith v. Rosenbaum, 460

F.2d 1019, 1020 (3d Cir. 1972) (per curiam); Robinson v. McCorkle, 462 F. 2d 111,

---

3. The FCIA amended 42 U.S.C. § 1983 to extend the reach of judicial immunity to
injunctive relief as well as to damages, and to preclude costs and attorney's fees in
suits against the judiciary.  Bolin v. Story, 225 F.3d 1234, 1242 (11th Cir. 2000);
Kampfer v. Scullin, 989 F. Supp. 194, 201 (N.D.N.Y. 1997). The clear purpose of the
FCIA was to protect judges from injunctive suits when acting in their adjudicatory
capacities.

8

113 ( 3d Cir.), cert. denied, 409 U. S. 1042 ( 1972). Thus, Vivian Miller[4], the Clerk of

the Court of Philadelphia Court of Common Pleas is entitled to dismissal on grounds

of judicial immunity as any alleged actions on her behalf were plainly integral to the

judicial process.

Finally, with respect to the remaining Defendants' motion to dismiss (Doc. 19),

the Court has undertaken review of Defendants' motion and finds that matters outside

the pleadings, which cannot be excluded, have been presented to the court.

Specifically, Defendants have submitted official court records which clearly

demonstrate the Plaintiff's sentence.

The Federal Rules of Civil Procedure provide that:

> If on a motion asserting the defense numbered (6) to dismiss for failure
> of the pleading to state a claim upon which relief can be granted, matters
> outside the pleadings are presented to an not excluded by the court, the
> motion shall be treated as one for summary judgment and disposed of as
> provided in Rule 56, and all parties shall be given reasonable opportunity
> to present all material made pertinent to such a motion by Rule 56.

FED.R.CIV.P. 12(b).  The court, therefore, will convert the motion to dismiss to a

---

4. Although this Defendant has failed to enter an appearance, or join in the pending
motions to dismiss, dismissal of this Defendant is appropriate.  See 28 U.S.C. §
1915(e)(2)(B)(i)(the court shall dismiss the case at any time if the court determines
that the action is frivolous).

motion for summary judgment.  The parties will be afforded the opportunity to

present further material which they deem appropriate.  The parties should note that,

under the Local Rules of this district, a motion for summary judgment must:

> be accompanied by a separate, short and concise statement of the
> material facts, in numbered paragraphs, as to which the moving party
> contends there is no genuine issue to be tried.

L.R. 56.1.  Additionally, along with their papers in opposition to summary judgment,

the non-moving party must also include a "separate, short and concise statement,"

which responds to the moving party's documents on a paragraph-by-paragraph basis.

Id.

AND NOW, THIS 7th DAY OF FEBRUARY, 2006, IT IS HEREBY

ORDERED THAT:

1.  The motion to dismiss, filed on behalf of Defendant Judge Carolyn
    Engel Temin (Doc. 18) is **GRANTED**.  Defendant Temin is to be
    terminated as a party to this action.

2.  Plaintiff's action against Defendant, Vivian Miller is **DISMISSED**
    as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Defendant
    Miller is to be terminated as a party to this action.

3.  The remaining Defendants' motion to dismiss, (Doc. 19) is hereby
    converted to a motion for summary judgment pursuant to Federal
    Rule of Civil Procedure 56.

4.  The remaining Defendants may file any additional material they
    deem pertinent to the pending motion on or before February 21,
    2006.

5.    Plaintiff may file any responsive or additional documentation on or
       before March 10, 2006.

                                            s/ William J. Nealon
                                            **United States District Judge**